UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ACOSTA,

v.   Case No. 8:05-cr-517-T-17EAJ
     8:09-cv-841-T-17EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Acosta's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-173). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

BACKGROUND

In 2006, Acosta pled guilty to counts one and two of the Indictment. He was sentenced to 135 months incarceration, and judgment was entered. Acosta appealed, and, on February 2, 2007, the United States Court of Appeal for the Eleventh Circuit affirmed Acosta's convictions and sentences. (Doc. cr-150). On April 29, 2009, Acosta signed the present motion to vacate. He filed the motion to vacate on May 4, 2009.

Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997); *United States v. Dorsey*, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion.").

Since Acosta did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment of the Eleventh Circuit. Acosta's conviction became final on May 4, 2007, when the time for seeking certiorari review had expired[1]; therefore, he had until May 5, 2008, to file a timely section 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336,

---

[1] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate. Judgment was entered by the Eleventh Circuit on February 2, 2007.

1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255(1) until expiration of 90-day period for seeking certiorari), *cert. denied*, 537 U.S. 875 (2002). Acosta did not sign the present motion to vacate until April 29, 2009. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Acosta has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Acosta's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-173) is denied, with prejudice. The Clerk is directed to terminate all pending motions, to enter judgment against Acosta in the civil case, and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S.

3

880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 7, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

AUSA: James C. Preston, Jr.
Carlos Acosta